Filed 5/23/24  P. v. Abbate CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ANGEL ABBATE,<br><br>        Defendant and Appellant. | A168207<br><br>(Contra Costa County<br>  Super. Ct. No. 05001319516) |

In 2016, defendant Joseph Angel Abbate was convicted of second degree murder.  The jury found true the attendant firearm enhancement (Pen. Code, § 12022.53, subds. (d), (e)(1)).  In a prior direct appeal after conviction (case no. A152421), we rejected a number of defendant's arguments but remanded the case in light of Senate Bill No. 620 (Senate Bill 620), which allows the trial court to consider whether to strike the firearm enhancement pursuant to amended section 12022.53, subdivision (h).  (*People v. Abbate* (2020) 58 Cal.App.5th 100, 114.)

In June 2022, after our remand, defendant filed a motion for resentencing under Senate Bill 620, asking the trial court to strike the firearm enhancement.  In 2023, he also filed a motion for a new trial pursuant to Penal Code section 745, part of the California Racial Justice Act (CRJA), and a motion to compel discovery in connection with his CRJA claim. (Stats. 2020, ch. 317, §§ 1, 3.5; Stats. 2022, ch. 739, §§ 1–2.)

1

In June 2023, the trial court denied the motion to the strike the firearm enhancement and declined to impose a lesser enhancement (*People v. Tirado* (2022) 12 Cal.5th 688, 700).  The court further denied the motions under the CRJA without prejudice, indicating that the issue on remand was limited to addressing the firearm enhancement, and that defendant—whose judgment was final—could file a motion under the CRJA starting on January 1, 2024.

Defendant filed a notice of appeal.  His court-appointed counsel filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  The brief includes counsel's declaration stating that he informed defendant of his intent to file a *Wende* brief, that he provided a copy of the record on appeal to defendant, and that he apprised defendant of his right to file a supplemental brief.  The *Wende* brief further indicates that counsel told defendant of his right to file a supplemental brief in this court within 30 days of the date the brief was filed. The proof of service accompanying the brief shows it was provided to defendant.  More than two months have now elapsed, and defendant has not filed a supplemental brief.

As indicated, this is an appeal from the trial court's sentencing decision after we remanded the case in an earlier appeal from the original sentence. This appeal also follows the court's denial without prejudice of defendant's two new CRJA related post-conviction motions.  As this is not defendant's first appeal as a matter of right from a criminal conviction, it is questionable whether the procedures set out in *Wende* apply here.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 224–226 & 231, fn. 5.)  However, in the interest of judicial economy, we have exercised our discretion to independently review the record and have found no reasonably arguable appellate issue.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124; *Delgadillo*, at pp. 231–232.)

## DISPOSITION

The orders of the trial court are affirmed.

                  _____

                  Fujisaki, J.

WE CONCUR:


_____

Tucher, P. J.


_____

Rodríguez, J.

*People v. Abbate* (A168207)

3